**IN THE UNITED STATES DISTRICT COURT**
**OF THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Gary Sexton, | Case No: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| The Daily Beast Company LLC, | |
| Defendant. | JURY TRIAL DEMANDED |

Plaintiff Gary Sexton ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant The Daily Beast Company LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is a commercial and editorial photographer whose work has been used by businesses, technology companies, cultural institutions, nonprofit organizations, and media outlets throughout the United States. Plaintiff regularly creates photographs for advertising, marketing, corporate communications, public-relations initiatives, editorial publications, and related commercial purposes.

3. Plaintiff has developed a reputation for producing professional-quality portrait, corporate, event, and commercial photography. Through substantial investment of time, skill, creativity, training, equipment, and expense, Plaintiff has built a valuable portfolio of original photographic works that are routinely licensed for authorized commercial, promotional, editorial, and advertising uses.

4. Plaintiff derives income from the licensing and authorized use of his copyrighted photographic works and maintains exclusive rights under the Copyright Act to reproduce,

1

distribute, publicly display, and otherwise exploit those works. Plaintiff actively licenses his photographs to third parties and relies upon licensing revenue as an important component of his photography business.

5. Plaintiff created a photograph of Andy Byron, the former CEO of data infrastructure software firm Astronomer, who became the subject of intense media attention following a viral incident at a Coldplay concert (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

6. Defendant is an American news and commentary website, founded in 2008, focused on politics, media, entertainment, culture, and current events. Upon information and belief, Defendant owns, operates, controls, maintains, and/or is responsible for content published through its website located at www.thedailybeast.com (the "*Website*").

7. Upon information and belief, Defendant owns, operates, manages, maintains, and controls the Website as a commercial digital-media publication through which it publishes news articles, commentary, entertainment content, political reporting, feature stories, photographs, videos, and other editorial materials.

8. Upon information and belief, Defendant exercises editorial, managerial, operational, and financial control over the content appearing on the Website, including the creation, acquisition, selection, editing, publication, display, distribution, and removal of content.

9. Upon information and belief, Defendant employs or utilizes reporters, editors, writers, contributors, photographers, content producers, social-media personnel, and other representatives who create and publish content on the Website on Defendant's behalf and subject to Defendant's editorial oversight and control.

10. Upon information and belief, Defendant derives substantial commercial benefit from operation of the Website through advertising revenue, subscriptions, sponsored content, audience engagement, brand promotion, increased web traffic, and related revenue-generating activities.

11. Upon information and belief, Defendant maintains the right and ability to supervise,

2

review, approve, modify, remove, de-publish, and otherwise regulate content appearing on the Website and exercises such authority through its editorial processes, publication standards, and content-management systems.

12. At all relevant times, content published, reproduced, distributed, displayed, and otherwise made available through the Website was subject to Defendant's direction and control, including the infringing content alleged herein.

13. Upon information and belief, the Website is used by Defendant in connection with its commercial operations and serves as the official channels through which Defendant communicates with customers, prospective customers, employees, industry participants, and the general public. Defendant publishes and disseminates content relating to its business, corporate activities, and promotional initiatives through the Website.

14. Upon information and belief, all content appearing on the Website, including photographs and other visual materials displayed thereon, is posted, published, authorized, approved, controlled, and/or distributed by Defendant or by persons acting on Defendant's behalf and within the scope of their authority.

15. Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

16. Plaintiff is a citizen of the State of California and maintains a principal place of business in San Mateo County, California.

17. Defendant is a Delaware limited liability company with a principal place of business at 555 West 18th Street, New York in New York County, New York.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

19. This Court has personal jurisdiction over Defendant because it maintains its

principal place of business in New York.

20.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because Defendant does business in this Judicial District and/or a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

### FACTS COMMON TO ALL CLAIMS

**A.     Plaintiff's Copyright Ownership**

21.     Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

22.     Plaintiff has invested significant time, skill, effort, and expense in building his photography business and creating a portfolio of original photographs.

23.     Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

24.     Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the photograph that is the subject of this action.

25.     Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

26.     Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

27.     Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

28.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

4

29.    Plaintiff regularly licenses his photographs to media outlets, brands, and commercial entities for a fee.

30.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

31.    On July 20, 2021, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

32.    In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

33.    On July 23, 2025, the Photograph was registered by the USCO under Registration No. VA 2-461-622.

34.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

35.    Defendant is the registered owner of the Website.

36.    Defendant is the operator of the Website.

37.    Defendant is responsible for the Website's content.

38.    The Website is a part of and used to advance Defendant's commercial enterprise.

39.    The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

40.    The Website is monetized in that it sells subscription services to the public and, on information and belief, Defendant profits from these activities.

41.    Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

42.    Upon information and belief, Defendant is a sophisticated media business operating in an industry in which the use of professional photography and copyrighted content is prevalent.

5

43.     Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

44.     Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

45.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

46.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

47.     Upon information and belief, Defendant is an experienced digital publisher that regularly licenses and uses professional photography in connection with its commercial content.

48.     Upon information and belief, Defendant failed to implement and/or adequately enforce procedures designed to verify copyright ownership before publishing third-party photographs on the Website.

49.     Upon information and belief, Defendant has previously been named in copyright infringement actions involving photographic works, placing Defendant on notice of its copyright obligations.

50.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

51.     On or about September 23, 2025, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph

on the Website as part of an on-line post at URL: https://www.thedailybeast.com/bizarre-new-twist-in-case-of-coldplay-kiss-cam-couple-kristin-cabot-and-astronomer-ceo-andy-byron/    (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

52.    The Photograph was willfully and volitionally reproduced and stored by Defendant at    URL: https://www.thedailybeast.com/resizer/v2/4F5HBKQJA5BMLA4DB44IGABDSY.png?auth=c6 52b382c1d9a14636b3cb036ac77e45196d02342c3f9318fe7af3edb87dbb45.

53.    The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

54.    Plaintiff first observed the Infringement on May 27, 2026.

55.    Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

56.    The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

57.    Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

58.    Defendant exercised control over the content published on its Website and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

59.    Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives

acting on its behalf, including but not limited to Julia Ornedo, whom Defendant publicly identifies as a Reporter through its Website (collectively, the "*Representatives*").

60.     Upon information and belief, Julia Ornedo created and published the infringing content within the scope of, and pursuant to, Defendant's editorial review, publication, and content-management structure and in furtherance of Defendant's commercial publishing operations.

61.     Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website on Defendant's behalf.

62.     Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

63.     Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website, including the content containing Plaintiff's Photograph.

64.     Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

65.     Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and exercised such control through its Representatives acting within the course and scope of their authority.

66.     Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

67.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it

8

was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

68.    Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

69.    Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

70.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

71.    Upon information and belief, Defendant monitors the content on its Website.

72.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

73.    Upon information and belief, the Infringement increased traffic to the Website and generated additional advertising impressions, user engagement, audience traffic, and revenue for Defendant.

74.    Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

75.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

76.    Defendant's use of the Photograph harmed the actual market for the Photograph.

77.    Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

78.    Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license the Photograph to other commercial entities.

79.    On or about June 9, 2026, Plaintiff, through counsel, notified Defendant of the

infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

80.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

81.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

82.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

83.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

84.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

85.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

86.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

87.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

88.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the

10

infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

89.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

90.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
### (Vicarious Copyright Infringement)

91.     This Count is pleaded in the alternative to the First Count. To the extent the Court or finder of fact determines that Defendant did not itself directly copy and display the Photograph, the direct infringement was committed by Julia Ornedo, the reporter who authored and published the infringing article containing the Photograph, and Defendant is vicariously liable for that infringement.

92.     Julia Ornedo directly infringed Plaintiff's copyright in the Photograph by reproducing, storing, and publicly displaying the Photograph on the Website without Plaintiff's license, consent, or authorization, in violation of Plaintiff's exclusive rights under 17 U.S.C. §106.

93.     Upon information and belief, Defendant had the right and ability to supervise and/or control the infringing conduct of Julia Ornedo and other contributors and declined to exercise the right and ability to supervise or control that infringing conduct despite possessing both the legal right and practical ability to do so.

94.     Defendant possessed and exercised editorial, managerial, and operational authority over content appearing on the Website, including the authority to review, approve, modify, remove, de-publish, and otherwise regulate articles and images appearing thereon.

95.     Upon information and belief, Defendant had the practical ability to prevent the

11

reproduction and display of the Photograph before publication, including by verifying whether photographs used in its articles were properly licensed, but declined to do so.

96.    Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

97.    Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

98.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

99.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

100.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

101.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

> a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

12

b.       for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.       for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.       for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.       for pre-judgment interest as permitted by law; and

f.       for any other relief the Court deems just and proper.

DATED: July 24, 2026

**SANDERS LAW GROUP**

By: ___*/s/ Craig Sanders*___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 145742

*Attorneys for Plaintiff*

13